Paula Del Carmen BARRERA–
VASQUEZ, aka Maura Estela
Najera Cano, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–71552.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Paula Del Carmen Barrera–Vasquez,
Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of
the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E.
LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., U.S. Department of Justice Civil
Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and
CLIFTON, Circuit Judges.

MEMORANDUM **

Paula Del Carmen Barrera–Vasquez, a
native and citizen of El Salvador, petitions
pro se for review of the Board of Immigration Appeals' ("BIA") decision which
affirmed the Immigration Judge's ("IJ")
denial of her application for asylum, withholding of removal, and relief under the
Convention Against Torture ("CAT"). We
have jurisdiction under 8 U.S.C. § 1252.
Where, as here, the BIA "adopts the IJ's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**754**

decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence and may reverse only if the evidence compels such a result. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The evidence does not compel the conclusion that Barrera–Vasquez was persecuted on account of a protected ground or that any future persecution would be on account of a protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1490–91 (9th Cir.1997). Moreover, Barrera–Vasquez remained in El Salvador for four years without further incident, and her parents continue to reside there without incident. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Accordingly, substantial evidence supports the IJ's and the BIA's determination that Barrera–Vasquez failed to establish either past persecution or a well-founded fear of future persecution. *See Elias–Zacarias*, 502 U.S. at 481 n. 1, 112 S.Ct. 812.

Because Barrera–Vasquez did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Substantial evidence supports the denial of CAT relief because Barrera–Vasquez did not establish that it is more likely than not that she will be tortured if returned to El Salvador. *See id.*

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*